# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2011

No. 11-10259
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERT LEE HODGES,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-174-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Following his guilty-plea conviction for possession, with intent to distribute, 500 grams or more of cocaine, Robert Lee Hodges received a sentence of, *inter alia*, 180-months' imprisonment. He challenges that sentence on three bases.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Hodges contends the district court erred: in concluding that $7905 seized during a May 2010 traffic stop constituted drug proceeds; and, in converting this sum to cocaine to determine the base offense level. He maintains there was an insufficient showing that the money in question formed part of a common scheme or plan or the same course of conduct.

A district court may rely on the information in a pre-sentence investigation report (PSR) in the absence of rebuttal evidence. *E.g.*, *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). The unrebutted information in the PSR established, by a preponderance of the evidence, that the money seized during the traffic stop constituted part of a common scheme of distributing cocaine. U.S.S.G. § 1B1.3(a)(1)(B).

Hodges also maintains he was entitled to an acceptance-of-responsibility reduction, given his guilty plea and expressions of remorse for his conduct. To determine whether Hodges was entitled to that reduction, the district court could consider whether he was "truthfully admitting or not falsely denying any additional relevant conduct for which [he] is accountable", and could deny the reduction if it determined Hodges had "frivolously contest[ed]" the inclusion of the money seized from him at the time of his May 2010 traffic stop. U.S.S.G. §3E1.1 cmt. n.1(A). Under our deferential standard of review for acceptance-of-responsibility denials, the denial of the reduction was not "without foundation". *E.g.*, *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (more deferential than clear error).

Finally, Hodges maintains the district court erred by "implicitly" concluding that he was a career offender, despite his having only one prior felony

conviction.  *See* U.S.S.G. § 4B1.1(a)(3).  The court did not find that Hodges was a career offender.  Although the court referred to Hodges' criminal history in imposing an upward departure, that finding did not constitute an "implicit" finding that Hodges was a career offender.  18 U.S.C. § 3553(a)(1).  The sentence was not unreasonable.

AFFIRMED.